## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JANE DOE 1 and JANE DOE 2,                                    :
                                                              :
          Plaintiffs,                                          :
                                                              :        Case No. 1:19-cv-07675-GBD-DCF
                                                              :
          v.                                                   :
                                                              :
ESTATE OF JEFFREY EPSTEIN; SUE ROE;                           :
and ROES 2-10,                                                :
                                                              :
          Defendants.                                          :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


### DEFENDANTS CO-EXECUTORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT


TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants Darren K. Indyke and Richard D. Kahn,*
*Co-Executors of the Estate of Jeffrey E. Epstein*

40603505v2

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

I.      ALLEGED FACTS.......................................................................................................... 2

II.     ARGUMENT ................................................................................................................. 3

        a.      Legal Standard: Plaintiffs' conclusory allegations of a "trafficking scheme" and "psychological damages" are not accepted as true.......................... 3

        b.      Plaintiffs' claim for violation of the TVPA based on alleged conduct in 2004 is time-barred per the TVPA's express 10-year limitations period. ............. 3

        c.      Plaintiffs failed to meet their burden to allege facts showing extraordinary circumstances sufficient to justify tolling the 10-year limitations period.............. 4

        d.      Plaintiffs' demand for punitive damages must be dismissed because it is precluded by New York law and otherwise unavailable under the TVPA. ........... 9

CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbas v. Dixon*,
    480 F.3d 636 (2d Cir. 2007)....................................................................5

*Ashcroft* v. *Iqbal*,
    556 U.S. 662 (2009)..............................................................................3

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007).....................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................3

*Blissett v. Eisensmidt*,
    940 F. Supp. 449 (N.D.N.Y. 1996).........................................................9

*Boos v. Runyon*,
    201 F.3d 178 (2d Cir. 2000)....................................................................4

*Carson Optical Inc. v. eBay Inc.*,
    202 F. Supp. 3d 247 (E.D.N.Y. 2016) ....................................................3

*Cerbone v. International Ladies' Garment Workers' Union*,
    768 F.2d 45 (2d Cir. 1985).....................................................................5

*Edwards v. INS*,
    59 F.3d 5 (2d Cir. 1995).........................................................................8

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019)................................................6, 8

*Graham v. Henderson*,
    224 F.R.D. 59 (N.D.N.Y. 2004)..............................................................9

*Hayes v. United States*,
    8-cv-6525, 2009 U.S. Dist. LEXIS 60995 (S.D.N.Y. Feb. 18, 2009) ....................7

*In re Higgins*,
    270 B.R. 147 (Bankr. S.D.N.Y. 2001) ....................................................5

*Johnson v. Nyack Hosp.*,
    86 F.3d 8 (2d Cir. 1996).........................................................................4

40603505v2

*Kavowras v. New York Times Co.*,
  328 F.3d 50 (2d Cir. 2003)............................................................................................5

*Medrano v. MCDR, Inc.*,
  366 F. Supp. 2d 625 (W.D. Tenn. 2005).......................................................................9

*Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*,
  13-cv-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS 123752 (E.D.N.Y. Aug. 3,
  2017) ............................................................................................................................9

*Ormiston v. Nelson*,
  117 F.3d 69 (2d Cir. 1997).............................................................................................8

*Rios v. Mazzuca*,
  78 F. App'x 742 (2d Cir. 2003) ......................................................................................6

*Rosenwasser v. Fordham Univ.*,
  772 F. App'x 1 (2d Cir. 2019) ........................................................................................8

*In re September 11th Litig.*,
  494 F. Supp. 2d 232 (S.D.N.Y. 2007)............................................................................9

*Smith v. N.Y.C. Dep't of Corr.*,
  09-civ-7639, 2010 U.S. Dist. LEXIS 137152 (S.D.N.Y. 2010) ...................................4

*In re U.S. Lines, Inc.*,
  318 F.3d 432 (2d Cir. 2003)...........................................................................................4

*Viti v. Guardian Life Ins. Co. of Am.*,
  10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633 (S.D.N.Y. Oct. 5,
  2012) ....................................................................................................................4, 6, 7

*Whitley v. Bowden*,
  17-cv-3564, 2018 WL 2170313 (S.D.N.Y. May 10, 2018) ..........................................3

*Yesh Diamonds, Inc. v. Yashaya*,
  No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744 (E.D.N.Y.
  2010) ........................................................................................................................4, 5

*Zumpano v. Quinn*,
  6 N.Y.3d 666 (2006) ......................................................................................................6

**Statutes**

18 U.S.C. § 1595(c) ...........................................................................................................4

18 U.S.C. § 1595(c)(1)....................................................................................................1, 4

EPTL § 11-3.2 (a)(1).........................................................................................................9

- iii -

Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, *et seq*. ....................................................1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 9

40603505v2

Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (incorrectly named herein as "Estate of Jeffrey Epstein") (together, the "Estate"), respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs Jane Doe 1 and Jane Doe 2's ("Plaintiffs") Complaint (Doc. # 5)[1] with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## PRELIMINARY STATEMENT

This action is time barred. Plaintiffs — who do not claim they were minors at any time at issue in their Complaint — allege that, in or around June 2004, an unidentified Defendant herein, "Sue Roe," asked them to visit Decedent Jeffrey E. Epstein ("Decedent") to perform massages for him in exchange for money. (Compl. ¶¶ 13-14.) Plaintiffs further allege they each visited Decedent on a separate, single occasion shortly thereafter, during which visits he sexually assaulted them. (*Id.* ¶¶ 17-18, 20.) Plaintiffs, who also claim they just realized in July of this year that they were actually victims of a "sex-trafficking scheme" because of the alleged assaults, assert a single cause of action pursuant to the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, *et seq.* (the "TVPA") and seek $100,000,000.00 in damages. (*Id.* ¶ 21, p. 7.)

However, per the TVPA's 10-year statute of limitations for civil actions based on alleged misconduct against victims who were not minors, 18 U.S.C. § 1595(c)(1), Plaintiffs' claim expired in 2014—five years before they filed their Complaint in August 2019. Accordingly, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Separately, whether New York law or federal common law applies to Plaintiffs' demand for punitive damages, it must be dismissed. Punitive damages are unavailable where, as here, plaintiffs assert a TVPA claim against a decedent's estate.

---

[1] A copy of the Complaint is attached to the Declaration of Bennet J. Moskowitz dated December 6, 2019 and submitted herewith.

## I.      ALLEGED FACTS

Plaintiffs allege that, in or around June 2004, while they were working at a restaurant in New York City, Defendant Sue Roe asked Plaintiffs to visit Decedent's New York residence to give him massages in exchange for money. (*Id.* ¶¶ 12-14.)  Plaintiffs further allege they accepted Roe's offer. (*Id.* ¶ 15.)  Each Plaintiff claims she visited Decedent's residence on a single occasion during which he sexually assaulted her—all in 2004. (*Id.* ¶¶ 17-20.)

Plaintiffs, in apparent recognition that they waited too long to file this action, also allege that they were simply "unaware" they were actually victims of a "sordid sex-trafficking scheme"— that is, until July 2019 (*i.e.*, over five years later) when Decedent was indicted on criminal sex trafficking charges which Plaintiffs do not allege concerned their claims in this action. (*Id.* ¶ 21.) Plaintiffs allege that, even after this realization, they were "uncertain whether it [was] possible to pursue a private right of action during the pendency of [Decedent's] criminal actions." (*Id.*)

Both Plaintiffs also claim they suffered the exact same psychological damages as a result of Decedent's alleged conduct, including depression, anxiety, anger, flashbacks, nightmares and psychological trauma to their "personalities." (*Id.* ¶¶ 22-23.)  Plaintiffs allege these psychological damages prevented each of them from understanding and asserting her legal rights in a timely fashion. (*Id.* ¶ 25.)  Both Plaintiffs further claim they feared and were intimidated by Decedent because of his wealth and close personal connections to powerful people. (*Id.*)  However, Plaintiffs do not allege anyone, Decedent included, ever threatened them in any manner.

Notwithstanding their failure to bring their claims in a timely fashion and the lack of specificity in their Complaint regarding the so-called "trafficking scheme," Plaintiffs seek $100 million in compensatory and punitive damages. (*Id.* at 7.)

40603505v2

## II.     ARGUMENT

### a.      Legal Standard: Plaintiffs' conclusory allegations of a "trafficking scheme" and "psychological damages" are not accepted as true.

Plaintiffs' scant allegations that they were victims of a trafficking scheme that resulted in psychological damages are insufficient to state a claim.  Although the Court must normally accept as true all well-pleaded factual allegations in a complaint and draw all inferences in a plaintiff's favor, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), those principles are "inapplicable to legal conclusions." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).  Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, "'[w]here [the] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.'" *Whitley v. Bowden*,  17-cv-3564, 2018 WL 2170313, at *11 (S.D.N.Y. May 10, 2018) (alterations in original) (quoting *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016)).

Here, Plaintiffs' assertions that there was a "trafficking scheme" that caused them psychological "trauma" are not sufficiently supported with specific alleged facts.  Rather, Plaintiffs allege elements of their TVPA cause of action in a formulaic manner. (*See* Compl. ¶¶ 26-38.)  The Court is not required to simply accept that any such scheme or damages occurred.

### b.      Plaintiffs' claim for violation of the TVPA based on alleged conduct in 2004 is time-barred per the TVPA's express 10-year limitations period.

The TVPA expressly states no civil action may be maintained thereunder "unless it is commenced not later than the later of—(1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged

offense." 18 U.S.C. § 1595(c).  Plaintiffs do not allege they were minors at the time of the alleged

sexual assaults (*i.e.*, in or about June 2004).  Accordingly, Plaintiffs' TVPA claim expired in 2014.

    c.    **Plaintiffs failed to meet their burden to allege facts showing extraordinary circumstances sufficient to justify tolling the 10-year limitations period.**

In apparent recognition that this action is time-barred under the unequivocal 10-year

limitations period in 18 U.S.C. § 1595(c)(1), Plaintiffs make various, vague allegations suggesting

they were unable to bring their action any earlier.  However, Plaintiffs fail to allege facts sufficient

to show either equitable tolling or estoppel is appropriate here.

The doctrine of equitable tolling is only applied where a plaintiff has been "prevented in

some *extraordinary way* from exercising h[er] rights." *Viti v. Guardian Life Ins. Co. of Am.*, 10-

cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at *30 (S.D.N.Y. Oct. 5, 2012), *adopted

by*, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (citing *Smith v.

N.Y.C. Dep't of Corr.*, 09-civ-7639, 2010 U.S. Dist. LEXIS 137152, at *2 (S.D.N.Y. 2010);

*Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)).   "Under the doctrine of equitable tolling,

a court may, under *compelling circumstances*, make *narrow exceptions* to the statute of limitations

in order 'to prevent inequity.'" *Id.* (emphasis added) (citing *Yesh Diamonds, Inc. v. Yashaya*, No.

09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at *2 (E.D.N.Y. 2010); *In re U.S.

Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003)).   "That the doctrine is to be employed only sparingly

-- in '*extraordinary*' and '*compelling*' circumstances -- is reflected in the fact that the plaintiff

bears the burden of persuasion to show that tolling is justified." *Id.* (emphasis added) (citing *Boos

v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).   In addition to demonstrating "extraordinary

circumstances," a late-filing party seeking equitable tolling must demonstrate she acted with

"reasonable diligence" in pursuing her claims during the period she seeks to toll.  *Id.* at *32 (citing

*Johnson*, 86 F.3d at 12).

Equitable estoppel is invoked in cases where the plaintiff knew of the existence of her cause of action but the defendant's conduct caused her to delay in bringing her lawsuit. *Yesh*, 2010 U.S. Dist. LEXIS 101744, at *5 (citing *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985)). "The rationale behind this equitable doctrine is to protect the person who brings their action after it would normally be barred because she was 'lulled' into believing that she should delay pursuing her cause of action." *Id.* (quoting *In re Higgins*, 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001)). To invoke equitable estoppel to toll a limitations period, a plaintiff must show that: (i) the defendant made a definite misrepresentation of fact and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to her detriment. *Id.* (citing *Kavowras v. New York Times Co.*, 328 F.3d 50, 56-57 (2d Cir. 2003)). Tolling is not appropriate where a plaintiff fails to articulate any acts by a defendant that prevented the plaintiff from timely commencing suit. *Id.* at *6 (citing *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)).

Here, Plaintiffs failed to assert allegations establishing "extraordinary" circumstances sufficient to show the TVPA's already lengthy 10-year limitations period was ever equitably tolled, let alone for five years.  Nor have Plaintiffs alleged either that (1) Decedent made a definite misrepresentation of fact to them and had reason to believe that the Plaintiffs would rely on it, or that (2) Plaintiffs reasonably relied on such a misrepresentation to their detriment.  Rather, Plaintiffs allege only that Decedent made "fraudulent misrepresentations" without actually identifying any.  Although Plaintiffs allege they relied on "monetary promises" (Compl. ¶ 29), they also allege they did in fact receive "hundreds of dollars" from Decedent (*Id.* ¶¶ 18, 20)—*i.e.*, Plaintiffs do not allege those promises were false.

- 5 -

Plaintiffs' allegations of Decedent's "fraudulent conversion" of the massages to molestation and "fraudulent massage practices" do not sufficiently articulate any misrepresentation by Decedent.  (*Id.* ¶ 21, 30.)  Nor are Plaintiffs' references to "offers" by Decedent (*see e.g.*, *id.* ¶ 29), without more, sufficient to plead a misrepresentation.  Moreover, Plaintiffs do not even attempt to allege that they, as adults, reasonably relied on any such misrepresentation.  Plaintiffs also fail to allege they acted with "reasonable diligence" in pursuing their claims during the period they seek to toll.  Accordingly, equitable estoppel does not apply here either.

Further, there are no allegations in the Complaint that Decedent did anything *after* the alleged sexual assaults, whether to keep Plaintiffs from bringing a timely suit or otherwise. "It is 'fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit. … Such actions must entail 'affirmative steps to prevent a plaintiff from bringing a claim.'" *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 172 (S.D.N.Y. 2019) (citing *Zumpano v. Quinn*, 6 N.Y.3d 666 (2006)).  Here, Plaintiffs' sparse allegations about Defendant Sue Roe's pre-assault "recruiting" of them have absolutely nothing to do with Plaintiffs' failure to file this action during the 10-year period following the alleged assaults.

Plaintiffs' conclusory allegation that "debilitating" psychological damages "prevented them from understanding and asserting their rights" (Compl. ¶ 15) fails to establish the type of "particularized description" and "extraordinariness" required to toll a limitations period based on illness or inability.  "For [a] plaintiff to show that [her] medical condition warrants tolling the statute, [s]he must 'at a minimum . . . provide a particularized description of how [her] condition adversely affected [her] capacity to function generally or in relationship to the pursuit of [her]

rights.'" *Viti*, 2012 U.S. Dist. LEXIS 189633, at *35 (citing *Rios v. Mazzuca*, 78 F. App'x 742, 744 (2d Cir. 2003)).  For the limitations period to be tolled, a plaintiff must be "so utterly disabled as to be effectively incapable of protecting h[er] rights." *Id.* at 35-36 (internal quotations omitted).

Plaintiffs in this action provide no allegations whatsoever—let alone "particularized description"—explaining why their alleged psychological damages rendered them "so utterly disabled as to be effectively incapable of protecting [their] rights." *See id.* Instead, they simply allege that their psychological damages have been "debilitating." (Compl. ¶ 25.) That is insufficient to invoke the narrowly applicable doctrine of equitable tolling.

Plaintiffs' failure to allege the conditions which prevented them from asserting that their rights have abated is itself grounds to reject tolling based on their alleged psychological issues. Notably, the *Viti* court's decision that the plaintiff's mental illness was not sufficiently extraordinary to justify a tolling period rested partly on "[t]he fact that plaintiff was later able to take measures to protect his legal rights despite suffering the same afflictions that he bore during the relevant period." *Id.* at 37. The failure to show that his condition had subsided "defeat[ed] his characterization of that period as extraordinary." *Id.* at 37.

Here too, Plaintiffs do not allege that their alleged psychological damages have abated. Plaintiffs' failure to do so refutes their assertion that their alleged conditions prevented them from asserting their rights for years on end—*i.e.*, they allegedly still suffer from the same conditions yet were able to pursue this action.

Plaintiffs' allegation they were "uncertain whether it [was] possible to pursue a private right of action during the pendency of Epstein's criminal actions" (Compl. ¶ 21) also fails to rescue their time-barred TVPA claim.  "[I]t is well established that ignorance of the law will not support an equitable toll." *Hayes v. United States*, 8-cv-6525 (RMB) (HBP), 2009 U.S. Dist. LEXIS 60995,

- 7 -

at *21 (S.D.N.Y. Feb. 18, 2009), *adopted by* 2009 U.S. Dist. LEXIS 54719 (citing *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)). *See also Rosenwasser v. Fordham Univ.*, 772 F. App'x 1, 3 (2d Cir. 2019) ("The fact that Rosenwasser did not 'discover[] the existence of Title IX' until 'after years of legal research,' … is of no moment because ignorance of the law is not sufficient to justify equitable tolling.") (citing *Ormiston v. Nelson*, 117 F.3d 69, 72 n.5 (2d Cir. 1997)).

Finally, Plaintiffs' alleged fear and intimidation – that they "have feared and been intimidated by [Decedent], his wealth, his close connections to … powerful political, business and legal leaders, and have feared retaliation" (Compl. ¶ 25.) – is also insufficient to toll the limitations period.  To show fear of retaliation sufficient to toll a limitations period "there must be threats or intimidation against each plaintiff[,] … the conduct must occur within the limitations period, and the plaintiff must bring suit within a reasonable period of time after the conduct ceases." *Geiss*, 383 F. Supp. 3d at 174-75.  In other words, plaintiffs must "describe a pattern of continual and egregious acts of intimidation sufficient to toll the statute of limitation for years." *Id.* at 175. "In the absence of such a pattern, fear of retaliation does not toll the statutes of limitations for the duration of a famous defendant's power and influence, even for the most despicable wrongs." *Id.*

Plaintiffs in this action allege *no* acts of intimidation and *no* threats.  They simply allege that they feared and were intimidated by Decedent due to his wealth and connections. (Compl. ¶ 25.) This is "manifestly insufficient to support duress tolling." *See Geiss*, 383 F. Supp at 175 ("[P]laintiffs' allegations are manifestly insufficient to support duress tolling.  Plaintiffs allege little or no threatening behavior by defendants—much less a course of conduct involving threats or force that continued without interruption—between the time immediately surrounding each assault and 2017.").

Because Plaintiffs' TVPA claim is untimely under the TVPA's express 10-year limitations period and because Plaintiffs have not established an "extraordinary" basis upon which to toll that limitations period, the Court must dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6).

> **d.**   **Plaintiffs' demand for punitive damages must be dismissed because it is precluded by New York law and otherwise unavailable under the TVPA.**

Plaintiffs may not recover punitive damages in this action as a matter of law, whether New York or federal common law applies.[2]  New York Estates, Powers And Trusts Law provides: "No cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury, an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury*." NY EPTL § 11-3.2 (a)(1) (emphasis added). "Also, 'there is a strong policy against the assessment of punitive damages against an estate on account of wrongful conduct of the decedent.'" *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)).

Nor are punitive damages available to Plaintiffs under the TVPA, which is itself a punitive statute.  A federal cause of action that is penal in nature, as opposed to remedial, abates upon a party's death. *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, 13-cv-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS 123752, at *22 (E.D.N.Y. Aug. 3, 2017).  Even where a federal cause of action survives death, punitive damages are unavailable. *See, e.g., Medrano v. MCDR, Inc.*, 366 F. Supp. 2d 625, 635 (W.D. Tenn. 2005) (dismissing deceased plaintiff's claim for punitive damages under 42 U.S.C. § 1981).  Accordingly, even if Plaintiffs' TVPA claim is not

---

[2] The law of the jurisdiction where a tort allegedly occurs – here, New York – governs whether punitive damages are available. *See In re September 11th Litig.*, 494 F. Supp. 2d 232, 239 (S.D.N.Y. 2007) ("*lex loci delicti*-the law of the place of the tort-applies to Plaintiffs' claims for punitive damages" (internal citations and quotation marks omitted)).

dismissed as untimely – which it should be – their demand for punitive damages should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court grant their Motion to Dismiss together with such other and further relief as the Court deems just and proper.

40603505v2

Dated:  New York, New York
        December 6, 2019

Respectfully submitted,

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022

By: _/s/ Bennet J. Moskowitz_
     Bennet J. Moskowitz

*Attorneys for Defendants Darren K. Indyke and*
*Richard D. Kahn, Co-Executors of the Estate of*
*Jeffrey E. Epstein*

- 11 -